UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA L. AGUILAR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0546 (RMU) |
| | ) |
| DIRK KEMPTHORNE, | ) |
| SECRETARY OF THE INTERIOR, | ) |
| U.S. DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Dirk Kempthorne, Secretary, U.S. Department of the Interior ("DOI"), by his undersigned counsel, hereby respectfully answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction under Fed.R.Civ.P.12(b)(1) because Plaintiff failed to exhaust her administrative remedies with respect to allegations and issues that were not timely presented to the Agency's Office of Civil Rights.

**THIRD DEFENSE**

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

**FOURTH DEFENSE**

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, or otherwise avers as follows:

1. The allegations contained in Paragraph 1 constitute conclusions of law and Plaintiff's characterization of her case to which no answer is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

2. The allegations contained in Paragraph 2 constitute Plaintiff's prayer for relief to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies that Plaintiff is entitled to any relief.

**PARTIES**

3. Defendant denies the allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant admits that Plaintiff applied for the position of Administrative Officer, GS-341-15, under vacancy announcement no. NPS-NCR-03-19. The remainder of Paragraph 3 contains Plaintiff's characterization of her action to which no answer is required, but to the extent they may be deemed allegations of fact, Defendant denies the remaining allegations contained in Paragraph 3.

4. The first sentence of Paragraph 4 contains Plaintiff's characterization of her action to which no answer is required. Defendant admits that Dirk Kempthorne is Secretary of the United States Department of the Interior located at 1849 C Street, NW, Washington, D.C. 20240.

## JURISDICTION AND VENUE

5-6.     The allegations contained in Paragraphs 5-6 constitute conclusions of law to which no answer is required. To the extent the allegations may be deemed allegations of fact, the Defendant denies the allegations.

7.     The first sentence of Paragraph 7 constitutes a conclusion of law to which no answer is required. Defendant admits that the position of Administrative Officer, GS-341-15, is located in Washington, D.C. The remainder of Paragraph 7 contains Plaintiff's characterization of her action to which no answer is required. To the extent they are deemed allegations of fact to which a response is required, Defendant denies the remaining allegations.

8.     Defendant admits that the Report of Investigation ("ROI") covering Plaintiff's equal employment opportunity complaint is Agency No. FNP-2003-064, which was investigated from August 15, 2003 - October 8, 2003. Defendant admits that it received notice of Plaintiff's formal complaint of discrimination on August 7, 2003. Defendant denies the remaining allegations contained in Paragraph 8.

9.     Defendant avers that on September 27, 2006, the Office of Federal Operations ("OFO") issued Plaintiff a final decision affirming the DOI's final order of no discrimination dated March 2, 2005. Defendant also avers that on December 21, 2006, OFO denied Plaintiff's request for reconsideration of the OFO final decision, dated September 27, 2006. Defendant denies the remaining allegations contained in Paragraph 9.

## MS. AGUILAR'S QUALIFICATIONS[1]

10.    Defendant denies the allegations contained in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.    Defendant denies the allegations contained in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12.    Defendant denies the allegations contained in Paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13.    Defendant denies the allegations contained in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

## NON-SELECTION FOR THE POSITION

11.    Defendant admits that Plaintiff was not selected for the position of Administrative Officer, GS-341-15, under vacancy announcement NPS-NCR-03-19, and the position is located in Washington, D.C.  Defendant denies that Plaintiff's non-selection was based on her race, national origin or any discriminatory animus.

12.    Defendant denies the allegations contained in Paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13.    Defendant denies the allegations contained in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14.    The allegations contained in Paragraph 14 are denied.  Defendant avers that it issued an amended vacancy announcement for the position of Administrative Officer,

---

[1]    Plaintiff's Complaint contains two sets of paragraphs that are numbered 11-13, in the section captioned "MS. AGUILAR'S QUALIFICATIONS" and in the section captioned "NON-SELECTION FOR THE POSITION."

GS-341-14/15, with an opening date of March 10, 2003, and an extended closing date of April 14, 2003, and that this vacancy announcement was open to All Sources.

15.     Defendant denies the allegations contained in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant denies the allegations contained in Paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18.     Admit.

19.     Defendant admits that it timely received Plaintiff's application for the position of Administrative Officer.  Defendant avers that Plaintiff's application was received on March 27, 2003; that Plaintiff's name appeared on the GS-15 certificate of eligibles for non-status applicants; that at least three persons on this list received a veterans' preference and were ranked higher than Plaintiff; and that a fourth person scored at least three points higher than Plaintiff and also was ranked higher than Plaintiff on the non-status certificate of eligibles.  Defendant further avers that the selecting officials interviewed four persons from the GS-14 and GS-15 certificates of eligibles for status applicants; that the selecting officials returned the certificate of eligibles for non-status applicants unused; and that no one from the non-status certificate of eligibles, including Plaintiff, was interviewed for the position.  Defendant denies the allegations contained in the remainder of Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

5

21. Defendant admits that selecting officials Terry Carlstrom, former Regional Director (retired), and Joseph Lawler, former Deputy Regional Director (currently he serves as the Regional Director), concurred and selected Dottie Marshall for the position of Administrative Officer under vacancy announcement NPS-NCR-03-19. Defendant denies the remaining allegations contained in Paragraph 21.

22. Denies.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

### SYSTEMIC UNDER-REPRESENTATION OF HISPANICS

27. Defendant denies the allegations contained in Paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 27 raise issues not timely brought to the Agency's Office of Civil Rights and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

28. Defendant denies the allegations contained in Paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 28 raise issues not timely brought to the Agency's Office of Civil Rights and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

29. Defendant denies the allegations contained in Paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations

contained in Paragraph 29 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

    30.    Defendant denies the allegations contained in Paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 30 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

    31.    Defendant denies the allegations contained in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 31 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

    32.    Defendant denies the allegations contained in Paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 32 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

    33.    Defendant denies the allegations contained in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 33 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

    34.    Defendant denies the allegations contained in Paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 34 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

35. Defendant denies the allegations contained in Paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that the allegations contained in Paragraph 35 raise issues not timely brought to the Agency's Office of Civil Rights, and that, therefore, Plaintiff has failed to appropriately exhaust her administrative remedies.

36. Defendant admits that the vacancy announcement identified the KSA's for the position of Administrative Officer, admits that the vacancy announcement was amended and opened to all sources, and avers that the closing date was extended from March 31, 2003 to April 14, 2003. Defendant denies the remaining allegations in Paragraph 36.

## CAUSES OF ACTION

### Count I  Non-Selection

37. Denies.

### RELIEF REQUESTED

38. This section contains Plaintiff's prayer for relief to which no answer is required but, to the extent an answer is deemed to be required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### JURY TRIAL

39. This section contains Plaintiff's request for trial by jury, to which no answer is required.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

    Respectfully submitted,

_____
JEFFREY TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895
Counsel for Defendant

Of Counsel:
Phyllisina Leslie, Esq.
United States Department of the Interior
Washington, D.C. 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA L. AGUILAR,<br><br>      Plaintiff,<br>   v.<br><br>DIRK KEMPTHORNE,<br>SECRETARY OF THE INTERIOR,<br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 07-0546 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

  I hereby certify that service of the foregoing Answer has been made through the Court's Electronic Case Filing System, this 29th day of May, 2007 to:

Myrrel C. Hendricks, Jr., Esq.
Charles W. Day, Jr., Esq.
Gebhardt & Associates, LLP
1101 17th Street, N.W. Suite 807
Washington, D.C. 20036-4716.
Attorneys for Defendant

              /s Sherease Louis
            SHEREASE LOUIS
            Special Assistant United States Attorney
            United States Attorney's Office
            Civil Division
            555 4th Street, N.W.,
            Washington, D.C. 20530
            (202) 307-0895