# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANDRA A. AGUILAR,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0546 (RMU) |
| | ) |
| **DIRK KEMPTHORNE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ERRATA

Attached is an amended Rule 16.3 Report that includes an introductory statement of the case, in accordance with the Court's Standing Order for Civil Cases. *See* Docket Entry No. 4.

Respectfully submitted,

 /s/   JEFFREY TAYLOR
JEFFREY TAYLOR, D.C. Bar #498610
United States Attorney

 /s/   RUDOLPH CONTRERAS
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

 /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA A. AGUILAR,           )<br>                              )<br>           Plaintiff,         )<br>                              )<br>      v.                       )<br>                              )<br> DIRK KEMPTHORNE,              )<br>                              )<br>           Defendant.         )<br> _____)  | Civil Action No. 07-0546 (RMU) |

**AMENDED REPORT PURSUANT TO RULE 16.3**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the Parties hereby respectfully submit their Meet and Confer Statement, which is based upon telephonic meetings and exchanges of e-mail initiated on July 21, 2007, between Special Assistant United States Attorney Sherease Louis, on behalf of Defendant, Dirk Kempthorne, and Myrrell Hendricks, Esq., counsel for Plaintiff, Sandra L. Aguilar. Plaintiff brings this case pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. Section 2000e, *et seq*. Plaintiff, a United States citizen residing in Waldorf, Maryland, is a Hispanic female whose national origin in Mexican-American. Plaintiff is suing Defendant in his official capacity as head of the U.S. Department of the Interior, over Plaintiff's non-selection for Vacancy Announcement No. NPS-NCR-03-19, Administrative Officer, GS-341-15, based on her race (Hispanic) and national origin (Mexican American). Plaintiff seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Defendant denies any acts of discrimination based on race or national origin under Title VII, and further avers that the selection decision was made for legitimate, non-discriminatory reasons. Additionally, Defendant avers that Plaintiff has failed to exhaust her administrative remedies with respect to her disparate impact and affirmative employment claims, and is not entitled to any of the relief she seeks.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics set forth in Local Rule 16.3(c):

(1) **Dispositive Motions**. There are no pending motions at this time. Plaintiff does not believe this case can be resolved by dispositive motion. Defendant believes that the case can be resolved by dispositive motion.

(2) a. **Deadline for joining additional parties or amending pleadings.**
Plaintiff may wish to amend the pleadings within 120 days of the scheduling order.

b. **Agreement as to factual and legal issues:**
The parties agree that the issue is whether or not Plaintiff was unlawfully discriminated against in violation of Title VII of the Civil Rights Act of 1964, based on her race ( Hispanic) and national origin (Mexican American), when she was not selected for the position of Administrative Officer, GS-341-15, Vacancy Announcement No. NPS-NCR-03-19.

(3) **Assignment to Magistrate Judge.** The Defendant does not consent to the assignment of this case to the Magistrate Judge.

(4) **Prospects of Settlement.** The Plaintiff believes there is potential to resolve or settle this case. The Defendant does not believe there is a likelihood of settlement in this case.

(5) **Alternate Dispute Resolution (ADR).** The Defendant does not consent to mediation. The Defendant plans to file a dispositive motion in this case. If the dispositive motion is denied, Defendant will consider consenting to mediation.

**(6)** **Resolution by Summary Judgment.** The parties agree that any motions for summary judgment will be filed within forty-five (45) days after the close of discovery, with oppositions filed within thirty (30) days thereafter. The parties request that replies be filed within fifteen (15) days after the filing of the opposition. Defendant believes the case may be subject to resolution by Motion for Summary Judgment.

**(7)** **Initial Disclosures**. The parties stipulate to waive Initial Disclosures.

**(8)** **Limitations on discovery.**

    **(a)** **Number of interrogatories.** The parties request twenty-five (25) interrogatories per side including all subparts.

    **(b)** **Number of depositions.**
The parties believe that ten (10) depositions per side, including experts, will be sufficient.

    **(c)** **Duration of depositions.** The parties request a maximum of seven (7) hours for each deposition.

    **(d)** **Need for protective order.** The parties do not believe there is a need for a protective order.

    **(e)** **Date for completion of discovery.** One hundred and eighty (180) days from the date of the scheduling order.

**(9)** **Exchange of Expert Witness Information.**

    (a) Plaintiff's Disclosures: Sixty (60) days prior to the close of discovery.

    (b) Defendant's Disclosures: Thirty (30) days after Plaintiff's disclosure(s).

**(10)** **Class Action procedures.** Not applicable.

(11) **Bifurcation of Trial and/or Discovery.** Both parties agree that there should be no bifurcation of trial or discovery.

(12) (13) **Dates for Pretrial Conference and Trial.**

The parties request that the Court not set a pretrial conference until after the ruling upon dispositive motions. After the ruling on dispositive motions, the parties request that the court set a status conference date to set the dates for pre-trial conference and trial.

(14) **Other Matters.** Pursuant to the Court's Order,

(a) Plaintiff provides the following statement of Plaintiff's case:

Plaintiff Sandra L. Aguilar alleges discrimination in federal employment on the basis of race and national origin, in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff alleges she was not selected for the position of Administrative Officer, GS-341-15, Vacancy Announcement No. NPS-NCR-03-19, and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

(b) Defendant provides the following statement of Defendant's case:

Defendant denies any acts of discrimination based on race or national origin under Title VII, and further avers that any employment decisions were for legitimate, non-discriminatory reasons. In addition, Defendant avers that Plaintiff has failed to exhaust her administrative remedies with respect to her disparate impact and affirmative employment claims, and is not entitled to any of the relief she seeks.

Respectfully submitted,

/s/  MYRREL C. HENDRICKS, JR.
MYRREL C. HENDRICKS, JR.
(DC Bar No. 291781)
CHARLES W. DAY, Jr.
(DC Bar No. 459820)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036-4716

Counsel for Plaintiff

/s/   JEFFREY TAYLOR
JEFFREY TAYLOR, D.C. Bar #498610
United States Attorney

/s/   RUDOLPH CONTRERAS
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895
Counsel for Defendant

Of Counsel for Defendant:
Phyllisina Leslie, Esq.
United States Department of the Interior
Washington, D.C.