UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SANDRA L. AGUILAR, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. 07-0546 (RMU) |
| DIRK KEMPTHORNE, Secretary, U.S. Department of the Interior, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE THE SCHEDULE FOR
FILING DISPOSITIVE MOTIONS UNTIL MEDIATION IS COMPLETED**

By and through his undersigned counsel, Defendant Dirk Kempthorne ("Defendant'),

Secretary, U.S. Department of the Interior ("Agency" or "DOI"), respectfully submits this Response

to Plaintiff's Motion to Set Aside the Schedule for Filing Dispositive Motions Until Mediation is

Completed ("Motion").  As an initial matter, Defendant is very troubled by Plaintiff's Motion as it

violates at least two Local Civil Rules.  Moreover, the Motion is without merit.  For these reasons,

the Court should, at the very least, deny the Motion.

The Motion Improperly Reveals the Substance of the Mediation Session

First, and most serious, in Paragraphs 2 and 3 of the Motion, Plaintiff purports to reveal the

substance of statements made at the mediation session held with Magistrate Judge Kay on July 14,

2008. *See* Motion at ¶¶ 2-3.  That is, Plaintiff improperly purports to set forth the substantive focus

of the parties' discussions at the mediation session, and the substance of statements made by defense

counsel during the mediation session.  *See id.*  The Local Civil Rules of this Court make it

abundantly clear that such disclosures are improper: "The Court hereby prohibits the mediator, all

counsel and parties and any other persons attending the mediation from disclosing any written or

oral communications made in connection with or during any mediation session." LCvR 84.9(a)(1).

This Local Civil Rule is in place to foster a confidential environment in which the parties can openly

discuss the possibility of settlement without the concern that their statements may later appear in

Court filings. *See generally Williams v. Johanns*, 529 F. Supp. 2d 22, 23 (D.D.C. 2008) (Kollar-

Kotelly, J.) (finding counsel in civil contempt for violating confidentiality of mediation session,

noting, "[n]on-compliance with a confidentiality order in the context of a mediation can have a

chilling effect on settlement discussions. It can also make parties reluctant to engage in a frank

exchange of information, perceiving that their disclosures will be subsequently used against them.");

*Hall v. George Wash. Univ.*, Civ. A. No. 99-1136, 2005 WL 1378761, *5 (D.D.C. May 13, 2005)

(Lamberth, J.) ("In our jurisdiction, as in most others, there is a strong policy preference for

maintaining the confidentiality of the mediation process.").

Although undersigned counsel informed Plaintiff's counsel of this impropriety, Plaintiff's

counsel has steadfastly refused to withdraw the Motion from the Court's public docket. *See* Email

from Hudak to Hendricks of 08/21/2008, attached hereto at Ex. 1.[1]  Indeed, it appears that Plaintiff's

counsel believes they are permitted to disclose the substance of mediation sessions to the Court and

the public on the Court's public docket. *See* Addendum to Motion at 1, n.1.  Consequently, in

addition to denying this Motion, Defendant respectfully urges the Court, at the very least, to

admonish Plaintiff's counsel that disclosure of the substance of mediation sessions, of the type set

forth in the Motion, is improper under the Local Civil Rules.

---

[1]    Contrary to Plaintiff's characterization, undersigned's email was not "shrill." *See* Addendum to Motion at 1. Rather, his email reflects a polite but serious tone commensurate with the seriousness of the blatant violation of the Local Civil Rules by Plaintiff.  Notably, undersigned counsel's email does not disclose the substance of any mediation session or settlement discussions, and thus, is attached hereto.

<u>The Motion Fails to Comply With Local Civil Rule 7(m)</u>

Plaintiff's counsel's representations that they contacted defense counsel regarding the Motion are false. First, as Plaintiff's counsel implicitly concedes in their Addendum, the representation in their Motion that Plaintiff's counsel had previously "responded to Defendant by email and sought to get consent for a motion to continue the dispositive motions until the mediation process is complete," was inaccurate. *See* Motion at ¶ 7. Indeed, prior to receiving the Motion though the Court's CM/ECF system, undersigned counsel received no emails from Plaintiff's counsel indicating that they would be filing the Motion.[2]

Moreover, Plaintiff's representation in their Addendum that they "left a voice mail message for defense counsel yesterday concerning the Motion," is also inaccurate. *See* Addendum to Motion at 2. While Ms. Valencia Rainey did leave a voicemail for undersigned counsel (which according to the date and time stamp was left less than an hour before undersigned counsel receive the Motion through the Court's CM/ECF system), that voicemail did not mention the possibility of the Motion. That is, the only substantive part of the message said "give me call a call, please. I have a question for you." Indeed, although Ms. Rainey identified that she was from Gebhardt & Associates, she did not even mention the case that her message concerned, let alone the possibility of the Motion.

Simply put, before Plaintiff filed her Motion, defense counsel was unaware that Plaintiff was intending to file such a Motion.

<u>Plaintiff's Motion is Without Merit</u>

As to the substance of Plaintiff's Motion, it is without merit. Contrary to Plaintiff's contentions, Defendant is not seeking to "short-circuit" the mediation process by proceeding to

---

[2]    Defense counsel's emails with Plaintiff's counsel in the recent weeks did not mention the Motion but do contain the substance of settlement discussions, and thus, are not attached hereto.

- 3 -

dispositive motions at this time.  Rather, Defendant is merely attempting to comply with the Court's

scheduling order regarding post-discovery dispositive motion practice.  Defendant's dispositive

motion was initially due on August 15, 2008.  *See* Minute Order of 07/14/2008.  Realizing that

Defendant might need additional time to formulate his dispositive motion, defense counsel moved

for a brief one-week extension of time on August 12, 2008.  *See* Docket Entry No. 13.  Before doing

so, defense counsel emailed Plaintiff's counsel to seek their position on that extension request.  To

date, defense counsel has yet to hear a response or Plaintiff's position on his requested extension.

Moreover, it is quite ironic that Plaintiff's counsel is casting aspersions on Defendant

regarding the mediation process.  That is, as noted at the June 24, 2008, Status Conference with the

Court, although undersigned counsel and Agency counsel appeared for the initially scheduled

mediation session on March 6, 2008, without prior notice, neither Plaintiff nor her counsel attended

that conference.  Moreover, defense counsel on at least two occasions before the June 24, 2008,

Status Conference asked Plaintiff's counsel for convenient dates to reschedule the mediation session

with Judge Kay.  *See* Email from Hudak to Wu of 06/18/2008 (forwarding Email from Hudak to

Hendricks of 03/17/2008), attached hereto at Ex. 2.  Defense counsel heard no response.

Now, on the eve of the dispositive motion deadline, Plaintiff seeks to stay all matters on this

case indefinitely for further mediation.  Defendant believes that based upon the parties' respective

positions, the parties remain far apart on settlement.  Nonetheless defense counsel has contacted

Judge Kay and explained to him Defendant's settlement position.  Indeed, if further mediation

sessions might reasonably be expected to be fruitful, Defendant is fully prepared to participate.

However, Defendant does not believe that an indefinite stay of dispositive motions is warranted, and

thus, intends to file his dispositive motion today, pursuant to the Court's schedule and his prior

extension request.

- 5 -

Dated:  August 22, 2008
        Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

        /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

# EXHIBIT
# 1

## Hudak, Brian (USADC)

| | |
|---|---|
| **From:** | Hudak, Brian (USADC) |
| **Sent:** | Thursday, August 21, 2008 10:39 AM |
| **To:** | 'Myrrel'; Valencia Rainey |
| **Cc:** | Joe Gebhardt |
| **Subject:** | RE: Aguilar v. Kempthorne, Civ. Case No. 07-0546 -- Motion to Stay Pending Mediation |

Myrrell and Valencia – I hope this day finds you well.  I write to respond to your voicemail from yesterday and to address the improper motion you filed with the Court.  Defendant hereby requests that you immediately withdraw your Motion to Set Aside the Schedule for Filing Dispositive Motions Until Mediation Is Completed ("Motion") because it, without question, violates the Local Civil Rules.

*First*, and most troubling, in Paragraphs 2 and 3 of your Motion you disclosed the substance of communications made at the mediation session.  This disclosure clearly and blatantly violates Local Civil Rule 84.9(a)(1), which states in relevant part "[t]he Court hereby prohibits . . . all counsel and parties and any other persons attending the mediation from disclosing any written or oral communications made in connection with or during the mediation session."  That is, Paragraphs 2 and 3 of your Motion improperly purports to set forth the substantive focus of the parties' discussions at the mediation session, and the substance of statements made by defense counsel during the mediation session.

*Second*, and without revealing the substance of any past settlement communications between the parties, contrary to your statement in Paragraph 7, you never raised the possibility of filing a motion with the Court in your response to my emails of last-Tuesday, August 12, 2008.  Further, your letter of August 13, 2008, never discussed the possibility of filing a motion with the Court seeking a stay of the proceedings.  Indeed, the last correspondence on this topic was my response to your letter of August 13, 2008, to which you have not responded.  Accordingly, your motion violates Local Civil Rule 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss *the anticipated motion* with opposing counsel[.]").

For these reasons, Defendant hereby requests that you immediately withdraw your Motion.  If you do not do so, Defendant will file a Response tomorrow with the Court raising these same issues.  In the interim, I am going to be contacting Judge Kay to seek his opinion on whether he believes that further mediation sessions would prove fruitful at this stage.

Best regards,

**Brian Hudak**
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

# EXHIBIT
# 2

## Hudak, Brian (USADC)

| | |
|---|---|
| **From:** | Hudak, Brian (USADC) |
| **Sent:** | Wednesday, June 18, 2008 8:26 PM |
| **To:** | 'Clare Wu' |
| **Subject:** | FW: Aguilar v. Kempthorne, Civ. Case No. 07-0546 |

Clare – I just wanted to follow-up on my emails to Myrell about rescheduling the mediation session in this case with Judge Kay (one of which is included below).  As you are aware, the originally scheduled mediation session was cancelled because Plaintiff failed to show up to the session, though Judge Kay and Defendant were present.

I believe that Judge Urbina expressed an interest in having the parties attempt mediation at least once, and believe it prudent for the parties to call Judge Kay's chambers and setup a mediation session in advance of the Court conference scheduled for next Tuesday.  Please let me know if you and your client agree.

Best,
Brian

## Brian Hudak
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

**From:** Hudak, Brian (USADC)
**Sent:** Monday, March 17, 2008 10:59 AM
**To:** 'Myrrel Hendricks'
**Subject:** RE: Aguilar v. Kempthorne, Civ. Case No. 07-0546

Myrrel – I hope all is well.  I just wanted to touch base with you regarding your availability to reschedule our mediation session before Judge Kay.  I have a trial at the end of April and am pretty busy between now and then.  Maybe sometime in mid-May / early-June?

Best,
Brian

## Brian Hudak
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143